IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brandon Lemar Miles, ) | Case No.: 8:23-cv-2961-JD-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden of the Greenville County ) | |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 13.) Petitioner Brandon Lemar Miles ("Petitioner" or "Miles") is a pretrial detainee at the Greenville County Detention Center ("Detention Center"). Petitioner, proceeding *pro se* and *in forma pauperis*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Warden of the Greenville County Detention Center ("Respondent"), alleging he is being detained at the Detention Center without bond as he was denied bond on May 12, 2023. (DE 1, p. 1.) Petitioner contends he is challenging a kidnapping charge that was brought against him at the Detention Center, alleging the charge is "false" as he was "simply asking for a higher chain of command." (DE 1, p. 2.) Petitioner further contends he filed a grievance with Major Marshall Stowers but received no

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

response. (Id.) For relief, Petitioner asks "the Court to help [him] get the charge dropped completely because it is a defamation to [his] character." (Id. at 7.)

The Report was issued on August 18, 2023, recommending the Petition be dismissed for failure to exhaust state court remedies and because the Court should abstain from deciding the merits under Younger v. Harris, 401 U.S. 37 (1971). (DE 13, p. 5.) Petitioner has not objected to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 13) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Miles's Petition is dismissed without requiring the respondent to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.